IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAWN JONES,

  *Plaintiff,*

  v.

BOROUGH OF EDDYSTONE, et al.,

  *Defendants.*

CIVIL ACTION
NO. 26-754

**Pappert, J.**                                                   **May 13, 2026**

### MEMORANDUM

Dawn Jones sued the Borough of Eddystone, Rachel Walker, Michael Bannon, William Bolton and Mandy Hall, alleging wrongful termination, retaliation, aiding and abetting liability, breach of contract, and violations of her procedural due process rights and the Pennsylvania Wage Payment and Collection Law.  Defendants moved to strike all references in the Amended Complaint to punitive damages against the Borough, to which Jones agreed, and to dismiss the procedural due process claim with prejudice. The Court grants the motion.

I

In January of 2020, the Borough of Eddystone hired Jones as Borough Manager. (Am. Compl. ¶ 20, Dkt. No. 14.)  She signed an employment agreement that stated:

> The Borough Manager is an "EMPLOYEE AT WILL."  Nothing contained herein this Agreement shall be construed to entitle Borough Manager to any property right or interest in her employment as Borough Manager. Consequently, this Agreement may be terminated by either Party; provided, however, fourteen (14) days prior written notice is submitted to the other party.

(Emp. Agreement ¶ 8, Compl. Ex. "A," Dkt. No. 1-2.)

1

Starting in mid-2023, Jones allegedly observed several racist incidents at work. She recommended hiring William Ferebee, a black man, for a part-time position with the Borough, but then–Council President Rachel Walker purportedly told her: "There's no way in hell we are hiring that fucking N-----." (*Id.* ¶¶ 23–29.)  The Borough eventually hired Helen Bolton, a white woman married to Councilmember William Bolton.  (*Id.* ¶¶ 32–34.)  In addition, public works employee Kenneth Riley told Jones about alleged incidents of racial intimidation on the job.  (*Id.* ¶¶ 35–36.)  She relayed that information to the Borough Council and submitted a complaint to the Philadelphia District Office of the Equal Employment Opportunity Commission.  *See* (*Id.* ¶¶ 38–39).

The Borough Council then "convened a special public meeting to address recent accusations of workplace harassment, toxic work environment, and racist remarks." (*Id.* ¶ 44.)  During the meeting, Ferebee's wife asked Jones why her husband had not been hired, and she "truthfully repeated what [Walker] had said . . . about Mr. Ferebee in [her] office a few months before."  (*Id.* ¶¶ 49–50.)  That evening, Council President William Bannon suspended Jones from her position, (*id.* ¶ 51), and the Borough Council then terminated her "for cause," with Walker, Bannon, Bolton and Councilmember Mandy Hall all voting to do so, (*id.* ¶ 52.)

## II

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although

this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Step one is to "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675). Next, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, for all "well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint. *Twombly*, 550 U.S. at 570.[1]

## III

To state a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) [s]he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [her] did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (citation omitted). Jones claims a property interest in her continued employment as Borough Manager, *see* (Compl. ¶¶ 116–19); (Pl.'s Resp. in

---

[1] In deciding a motion to dismiss, the Court may consider "matters incorporated by reference or integral to the claim." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted). The employment agreement is incorporated by reference in the Amended Complaint, *see* (Am. Compl. ¶¶ 111–12, 114), and Jones's response to the motion, *see* (Pl.'s Resp. in Opp'n at 3–5).

Opp'n at 4–8, Dkt. No. 19-1), and a liberty interest in her reputation as a public employee, *see* (Am. Compl. ¶ 98).

A

"To have a property interest in a job . . . a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." *Hill*, 455 F.3d at 234 (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). State law determines whether such a property interest exists. *Id.*

Under Pennsylvania law and the employment agreement, Jones was an at-will employee.[2] 53 Pa. Stat. & Cons. Stat. Ann. § 46141; (Emp. Agreement ¶ 8.) The employment agreement also provided that "[n]othing contained herein . . . shall be construed to entitle [Jones] to any property interest in her employment as Borough Manager." (Emp. Agreement ¶ 8.) "The decisional law is clear that an at-will employee does not have a legitimate entitlement to continued employment because [she] serves solely at the pleasure of [her] employer." *Hill*, 455 F.3d at 234 (quoting *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005)); *Robertson v. Fiore*, 62 F.3d 596, 601 (3d Cir. 1995) (per curiam) (same); *Bishop v. Wood*, 426 U.S. 341, 346 n.8 (1976) (same). "[Jones] thus lacked a property interest in retaining [her] position as Borough Manager

---

[2]      Pennsylvania law states:
      The council of any borough may, at its discretion, at any time, create by ordinance the office of borough manager and may in like manner abolish the same. While said office exists, the council shall, from time to time, and whenever there is a vacancy, elect, by a vote of a majority of all the members, one person to fill said office, subject to removal by the council at any time by a vote of the majority of all the members.
53 Pa. Stat. & Cons. Stat. Ann. § 46141.

4

that was sufficient to trigger due process concerns." *Hill*, 455 F.3d at 234 (citation modified and omitted).

Jones believes she had a "protected property interest in her employment for at least 14 days prior to any termination by the Borough." (Pl.'s Resp. in Opp'n at 5.) She also wanted a "public name-clearing hearing" and a "pre-termination hearing" to dispute any improper conduct, which the Borough denied her. (Am. Compl. ¶¶ 99–101.) And Walker should have recused herself from Jones's termination because she was "unconstitutional[ly] biased."[3] (Pl.'s Resp. in Opp'n at 8); (Am. Compl. ¶¶ 102–06.) But "'[p]roperty' cannot be defined by the procedures provided for its deprivation any more than can life or liberty." *Thomas v. Town of Hammonton*, 351 F.3d 108, 113 (3d Cir. 2003) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)). Jones's purported property interest is "separate from the procedures that govern whether that property may be taken away." *Metzgar v. Del. Dep't of Nat'l Res. & Env't Control*, 841 F. App'x 352, 356 (3d Cir. 2020). Because Jones did not have a property interest in her continued employment, the Court "need not consider whether the procedures available to [her] provided due process." *Hill*, 455 F.3d at 235; *see also Phillips v. McCollom*, 788 F.3d 650, 653 (6th Cir. 2015) ("[T]he Supreme Court has rejected the notion that an interest in process itself warrants process, holding that 'an expectation of receiving

---

[3]     Jones suggests "unconstitutional bias" is a separate procedural due process claim. (Pl.'s Resp. in Opp'n at 8–10.) That is incorrect. "[A]llegations of bias, prejudice, partiality and other improprieties do not establish the existence" of a property or liberty interest. *McGuire v. City of Moraine*, 178 F. Supp. 2d 882, 892–93 (S.D. Ohio 2001) (holding that "bias" does not create a protected property interest); *EJS Props., LLC v. City of Toledo*, 736 F. Supp. 2d 1123, 1129 (N.D. Ohio 2010) (same for a protected liberty interest); *see also Saucon Valley Manor, Inc. v. Miller*, 392 F. Supp. 3d 554, 572, 579–82 (E.D. Pa. 2019) (evaluating bias under adequate process, not a liberty or property interest).

process is not, without more' an 'interest protected by the Due Process Clause.'"

(quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 n.12 (1983))).

B

Nor does Jones cite a protected liberty interest. "[R]eputation *alone* is not an interest protected by the Due Process Clause." *Hill*, 455 F.3d at 236 (citing *Paul v. Davis*, 424 U.S. 693, 701–12 (1976)). A plaintiff must instead cite "stigma to [her] reputation *plus* deprivation of some additional right or interest." *Id.* Jones merely alleges, in conclusory fashion, that she "possessed a liberty interest in her reputation as a public employee." (Am. Compl. ¶ 98.) Nowhere outside of that allegation does she mention a liberty interest.

IV

Courts should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). "Futility" means that "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

For the reasons already discussed, Jones has not "first establish[ed]" a protected property or liberty interest. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Because "there is no constitutional right, it does not matter what facts have been provided as there can be no § 1983 claim." *Id.*

An appropriate Order follows.

BY THE COURT:

**_/s/ Gerald J. Pappert_**

Gerald J. Pappert, J.